IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | *<br>*<br>* | |
| v. | * | CRIMINAL NO. 15-629 (ADC) |
| | * | |
| ANDRE GONZALEZ-SANCHEZ,<br>Defendant. | *<br>* | |

* * * * * * * * * * * * * * * * * * * * * ****

**MOTION**
(Re: Imposition of Federal Sentence, Concurrently with State Sentence)

TO THE HONORABLE
AIDA M. DELGADO-COLON
UNITED STATES CHIEF JUDGE
FOR THE DISTRICT OF PUERTO RICO

**I.   Introduction.**

Mr. Gonzalez pled guilty to counts one and two only, under a plea agreement. Docket No. 67. Pertinent to this motion is Mr. Gonzalez offense of conviction in count one of the indictment, and Mr. Gonzalez' State conviction in 2016.  See, PSR, item 46, at p. 11-12.  Both arise from two robberies held on October 10, 2015.  On April 7, 2016. He was sentenced in State Court to a total term of imprisonment of nine (9) years.  *Id*.  Defendant Gonzalez stands to be sentenced here, on May 11, 2017.

**II.   Relief Requested.**

Mr. Gonzalez request that imposition of his sentence here, be served concurrently with his State Sentence.

**III.   Basis for Relief.**

Mr. Gonzalez 2016 Commonwealth of Puerto Rico ("State") conviction arises from a robbery that happened on Saturday, October 10, 2015 – same date as the federal offense.  See, Pre-sentence Investigation Report at p. 11-12, item no. 46.  (Criminal No. KBD2016G0027

(robbery), KBD2016G0028 (robbery), KLA2016G0020 (weapons law), KLA2016G0021 (weapons law), and KLA2016G0022 (weapons law).  On November 21, 2014, defendant Gonzalez was sentenced to a (undischarged) term of imprisonment of nine (9) years.

The robbery took place at 3:30 p.m., at Ramal 8. Carolina, Puerto Rico.  The complaint alleges this robbery was committed by Andres Gonzalez-Sanchez, and another individual. (The PSR mistakenly reads "by another defendant". Because Mr. Gonzalez was the only defendant, this wording should be changed so). The vehicle of the robbers is described as dark gray, or dark color.

The victim and the passenger state there where two robbers, one of them Mr. Gonzalez. The second robber was described as a "lad younger than the other, between fifteen, and eighteen years old, thin, shorter than the other, white skin, …"   The passenger, described him as "young, between sixteen (16) and twenty (20) years old, white skin, short hair, clean face,…".

The description above follows a video footage provided in discovery here. It was taken shortly after the carjacking, subject of count one.  The video also depicts the 2007, four-door, wine Toyota Corolla, subject of the second robbery depicted in count five.  This was the car described in the attempted carjacking, alleged in count one.  The descriptions and the video constitute clear and convincing evidence that Mr. Gonzalez' 2016 State conviction is related/relevant to the offense here.

The Court knows that a minor was arrested in relation to the case here.   See also, Minutes of criminal case 15-669 (FAB) at docket no. 30.  The juvenile's case remains sealed under criminal number 15-711 (FAB).

The second robbery (count five of the federal indictment) also occurred on October 10, 2015.  This robbery took place at Popular Street, next to Popular Center, Hato Rey, Puerto Rico at approximately 3:50 p.m..  According to the "Diario de Incidencia" there were two robbers, in a dark color car, and took a 2007 four-door Toyota Corolla, wine in color, license plate GXA 271. The robbers' car was described in the "Tarjeta de Querellas" as a four-door, green Mitsubishi

Mirage, with license plate *CVA 374*.

The third robbery (count one of the indictment) took place at approximately 5:30 p.m., at Lomas del Sol, Guaynabo, also on October 10, 2015. Here, there was an attempt to take the victim's car. The victim described the robbers' car as a wine colored, Toyota Corolla. It was a four-door, because the victim saw one robber step out of the "rear right side", and the other from the "rear left side". The Toyota Corolla was later recovered by the Police. The license plate: *CVA 374*.

All robberies occurred in the greater metropolitan area of San Juan. All at gun point, and all in approximately two hours. All are substantially connected in there where more than one participant, including Mr. Gonzalez. Common accomplices, with a common purpose. All robberies are part of a single episode, spree, or ongoing series of offenses. They are similar – robbery – and the time interval between offenses was short: some twenty (20) minutes between the first and the second robbery; and one (1) hour and thirty (30) minutes, between the second and third. The third robbery, being the offense of conviction here, is not remote in time or place from the previous robberies. It can be reasonably concluded from the totality of the circumstances that the longer span between the second and the third was because after the second robbery they had to drop off the car they used to commit the crime- the Mitsubishi Mirage – and replace the license plate of the Toyota Corolla. The PSR itself reports that "[t]he investigation revealed that the 2007 burgundy Toyota Corolla had been stolen prior to the commission of the instant offense." PSR, Item 16, at p. 7.

"A sentencing court's choice between a consecutive or concurrent sentence with respect to a defendant who is subject to an undischarged [state sentence] is normally discretionary." United States v. Carrasco -de-Jesus, 589 F. 3d 22, 27 (citing 18, U.S.C., section 3584(a)). This

discretion, however, is not absolute.   See, United States v. Ziskind, 471 F.3d 266, 271 (1st Cir. 2006).   When making such a choice the Court must consider the sentencing factors at 18, U.S.C., section 3553(a) ("the sentencing factors"), including applicable sentencing guidelines and policy statements.   Carrasco-de-Jesus 589 F.3d at 27.   Here, one such provision is USSG 5G1.3 (hereinater, "5G1.3"), which addresses sentencing when there is an undischarged State sentence. Of the four possible scenarios in 5G1.3, Subsection (b), applies when the undischarged term of imprisonment qualifies as relevant conduct regarding the offense of conviction.

If the court finds that the offense of conviction here is relevant conduct of the undischarged State Sentence, it "shall adjust the sentence for any period of imprisonment already served in the State sentence if it determines that such period will not be credited by the Bureau of Prisons. Under this scenario the sentence for the instant offense shall be imposed concurrently to the remainder of the undischarged State sentnece. Id.

Subsection (d) covers "any other case involving an undischarged term of imprisonment". Id.   We understand this to mean that that if the Court where to find that the undischarged term of imprisonment is not relevant conduct, then subsection (d) follows, and the sentencing Court may then impose a concurrent, partially concurrent, or consecutive sentence to the undischarged term of imprisonment, considering the sentencing factors, and the guideline range sentencing range. See, United States v. Llanos-Falero, 847 F.3d 29, 36 (1st Cir. 2017).

In liew of the above, and of our first statement of objections at docket no. 83, the case here, and the State case form a single thread, where the offenses are linked by its participants, and the close succession between events, both in space and time.

**IV.    Conclusion.**

Defendant Gonzalez prays for imposing his sentence here, concurrently with his State Sentence.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of October, 2017.

I HEREBY CERTIFY that a copy of the foregoing motion was served on counsel for the government, Acting U.S. Attorney Rosa Emilia Rodriguez (Attn.: Assistant U. S. Attorney Jonathan Gottfried), and U. S. Chief Probation Officer Eustaquio Babilonia (Attn.: U.S. Probation Officer Andres Narvaez) through CM/ECF.

    ERIC A. VOS
    **Chief Defender**
    **District of Puerto Rico**

    *S/Carlos A. Vazquez-Alvarez*
    Carlos A. Vazquez Alvarez
    Assistant Federal Public Defender
    U.S.D.C. No. 206903
    241 F. D. Roosevelt Avenue
    San Juan, Puerto Rico 00918-2305
    Tel. 787-281-4922